Morris Metcalf, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 25479.  Promulgated June 4, 1929.

*John W. Townsend, Esq., Paul B. Cromelin, Esq.,* and *B. J. Laws, Esq.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

882

## OPINION.

MORRIS: The petitioner contends that not only is the $512.20 shown in the respondent's deficiency notice barred by the statute of limitations, but that the $500 applied as a credit on account of the total assessment of $1,012.20 was an overpayment of tax and that we should so find. The respondent concedes that the collection of the tax is barred by the statute and, furthermore, that the sole question for determination is whether there was an overpayment of $500 within the meaning of section 607 of the Revenue Act of 1928, which provides that:

Any tax (or any interest, penalty, additional amount, or addition to such tax) assessed or paid (whether before or after the enactment of this Act) after the expiration of the period of limitation properly applicable thereto shall be considered an overpayment and shall be credited or refunded to the taxpayer if claim therefor is filed within the period of limitation for filing such claim.

The petitioner's return for 1918 was filed on March 15, 1919, and, therefore, according to section 250(d) of the Revenue Act of 1918, the respondent was obliged to determine and assess the tax due within five years thereafter, and according to that section " no suit or proceeding for the collection of any tax shall be begun after the expiration of five years after the date when the return was due or was made." Hence, the collection of the tax here was barred after March 15, 1924, for the reason that no suit or proceeding was brought. *Bowers* v. *New York & Albany Lighterage Co.*, 273 U. S. 346.

If the amount in question was either " assessed or paid * * * after the expiration of the period of limitation * * *," then there was an overpayment within the meaning of section 607, *supra*. The assessment having been made in July, 1921, it was within the statutory period and we must, therefore, determine whether the amount in question was " paid " after the expiration of the period of limitation as provided in that section. It appears from the record that the petitioner offered to compromise the additional tax, penalty and interest in December of 1922, and that he tendered the sum of $500 with his offer, which offer was rejected by the respondent on February 6, 1924, the amount of money so tendered, however, was not returned to the petitioner. In December, 1924, after the period of limitations had expired, the petitioner agreed in writing that the respondent transfer the amount of $500 to the credit of the outstanding liability then appearing against him, to wit: $1,012.20, and thereafter on February 19, 1925, the collector credited that amount against said liability.

While the respondent had full and complete possession of the amount in question prior to the expiration of the five-year period, it was there for the purpose of compromising the entire tax liability asserted against the petitioner, and for that purpose only. The compromise offer having been rejected, the purpose for which the tender was made was thereby nullified and the respondent had two normal courses to pursue, namely, return the amount to the petitioner or obtain his permission to apply it as a credit to his tax liability, the latter of which he did. It was not until December, 1924, after the five-year period had expired, that the petitioner authorized the respondent to apply the $500 toward the payment of a portion of his liability, and it was then, and only then, that the tax became " paid " within the meaning of section 607, *supra*. We are of the opinion, therefore, that there was an overpayment of $500.

Reviewed by the Board.

*Judgment will be entered for the petitioner.*